Defendant-appellant Jonnie Lee Chapman, Sr. appeals his conviction and sentence from the Fairfield County Court of Common Pleas on one count of domestic violence in violation of R.C. 2919.25. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 2, 1997, the Fairfield County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25. At his arraignment on May 8, 1997, appellant entered a plea of not guilty to the indictment. A jury trial commenced on December 16, 1997. On December 17, 1997, the jury returned a verdict of guilty as charged.
The following evidence was adduced at trial.
On April 4, 1997, appellant and Susan Ricker, who had been living with appellant for more than one (1) year, decided to go bar hopping after getting off of work at approximately 9:00 A.M. After consuming shots of tequila and beer at approximately five (5) bars, the two left for home in appellant's truck. While appellant was the driver, Ricker was in the passenger seat of the truck.
While appellant was driving home, appellant and Ricker started fighting and yelling. Ricker testified that appellant slapped her several times in the face with the back of his hand. Appellant, in turn, testified that Ricker had initiated the fight by gouging his face and scratching him because he would not stop at another bar. Ricker finally was able to jump out of the truck and run for help.
At appellant's trial, Diana Kemmerer, a dental hygienist, testified that on April 4, 1997, she had observed a man similar in appearance to appellant driving a truck. Kemmerer stated that the driver of the truck swerved into her lane and then slammed on the brakes. When she looked into the vehicle, Kemmerer saw a man "back-handing the woman [passenger] in the face". Transcript of the Proceedings, Vol. I at 118. Kemmerer further testified that "the man was hitting the woman in the face with the back of his fist. And then she looked like she tried to grab at him so she could get out, and then she got out of the truck." Transcript Vol. I at pg. 120. Kemmerer wrote down the truck's license plate number and called the police with the same.
Another witness, Jennifer Michelle Arnold, testified at trial that on April 4, 1997, she brought Susan Ricker into the house after finding Ricker hiding and shaking in bushes outside of Arnold's boyfriend's house. Arnold testified that it appeared to her that a man in a truck, who she identified as appellant, was trying to run Ricker over. Arnold later saw the same man, after exiting the vehicle, walking towards Ricker until he was chased away by a dog. Arnold's boyfriend, Jessie Bussard, also identified appellant as the person who either beat up or threw out Ricker into his front yard and then proceeded to chase and threaten to kill her.
Ricker subsequently was taken by ambulance to the hospital and treated for bruises on her face, a black eye and cuts inside her lip. Arnold, Bussard and Ptl. Deveraux all testified as to severity of the injuries to Ricker's face. While Ptl. Deveraux testified that appellant had scratches and lacerations on his face and forehead, he stated that appellant's injuries appeared to be minor. Appellant conceded that, after the incident with Ricker, he had been in a one car accident.
After hearing all the evidence and testimony, the jury found appellant guilty of domestic violence in violation of R.C.2919.25. Since the parties previously had stipulated that appellant had a prior conviction of domestic violence, the jury further found that appellant previously had been convicted of domestic violence. An entry of conviction was filed on December 29, 1997. Appellant, on December 30, 1997, was sentenced to prison for twelve months and was ordered to pay a $500.00 fine and the costs of the prosecution. A Judgment Entry memorializing the sentence was filed on December 31, 1997.
It is from this conviction and sentence that appellant prosecutes this appeal, raising the following assignment of error:
 THE DEFENDANT'S CONVICTION IN THIS CASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; THE CREDIBLE EVIDENCE ESTABLISHED NOTHING MORE THAN THE CRIME OF DISORDERLY CONDUCT BY FIGHTING.
 I
Appellant's only assignment of error sets forth a manifest weight claim.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v DeHass (1967), 10 Ohio St.2d 230, paragraph 1 of the syllabus.
The crux of appellant's argument is that the testimony adduced at trial supports his claim that, at most, he was guilty of disorderly conduct. Appellant specifically argues that this case "has all the characteristics of a drunken brawl" or of mutual combat and that the witnesses, including the victim herself, were not credible.
However, the credibility of witnesses and the victim is a question for the jury. See DeHass, supra. The State in this matter presented testimony from unbiased witnesses who did not know either party in addition to the testimony of Ricker herself. While Diane Kemmerer testified that she saw appellant strike Ricker in the face several times and Ricker struggle to get out of the truck, Jennifer Arnold testified that she had observed appellant attempting to run Ricker over with his vehicle. Moreover, Arnold's boyfriend, Jessie Bussard, testified that appellant had both chased Ricker and threatened to kill her after the incident. Furthermore, all of the above witnesses, in addition to Ptl. Deveraux, testified as to the severity of Ricker's injuries.
The trier of fact was free to accept or reject all or any part of the testimony of the witnesses and assess the credibility of those witnesses. The jury was presented with sufficient evidence from which it could find appellant guilty of domestic violence rather than disorderly conduct.
Upon our view of the entire record, we find that the jury did not clearly lose its way so as to result in a manifest miscarriage of justice.
Appellant's assignment of error is, therefore, overruled.
By Edwards, J., Gwin, P.J. and Hoffman, W. Concur.
-------------------------
-------------------------
 ------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
-------------------------
-------------------------
 ------------------------- JUDGES